UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONALD D. BRADLEY,

Plaintiff,                                    Case No. 24-10004

v.                            UNITED STATES DISTRICT COURT JUDGE
                                        GERSHWIN A. DRAIN
Wayne County Friend of the Court, *et.
al*.,

Defendant.

_____/

## ORDER GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS AND DISMISSING PLAINTIFF'S COMPLAINT

### I.    Introduction

On January 2, 2024, Plaintiff Ronald D. Bradley, proceeding *pro se*, filed a civil complaint [ECF No. 1]. He names the "Wayne County Friend of the Court," "Chief Judge Patricia Fresard," "Judge Charlene Elder," and "Referee Diane Biggar." *Id*. at PageID.1. Plaintiff asserts claims under the Fourth and Fourteenth Amendments, 18 U.S.C. § 245, 18 U.S.C. § 242, 42 U.S.C. § 1983, and *Monell*.

Plaintiff also filed an application to proceed *in forma pauperis*. Upon review, the Court is persuaded that Plaintiff is unable to pay the fees associated with filing his Complaint. Accordingly, Plaintiff's application to proceed without the prepayment of fees will be granted. See 28 U.S.C. § 1915(a)(1). As the Court will

1

grant Plaintiff's application, the Complaint is subject to review pursuant to 28 U.S.C. § 1915(e)(2)(B). That statute provides that, "not withstanding any filing fee . . . that may have been paid to the court . . . the court shall dismiss the case at any time" if the court determines that the action "fails to state a claim on which relief may be granted." § 1915(e)(2)(B)(ii). For the reasons set forth below, Plaintiff's Complaint will be dismissed in its entirety.

Plaintiff's Complaint clearly challenges a state court decision involving the Wayne County Friend of Court related to his alleged child support obligations. He alleges that "on 10/3/20[,] Wayne [C]ounty Friend of the [C]ourt [s]tarted taking my [u]nemployment benefits" when "[F]riend of the court did not have any authority to withhold my funds." ECF No. 1, PageID.5. He says that, "[o]n 11/5/21[,] I had a hearing with referee Diane Biggar [sic][;] in the referees Recommendation and order[,] she stated on 6/20/07 that judge Elder order [sic] me to pay $2,000 [;] court records show that is not true." *Id*. Plaintiff's complaint contains additional allegations regarding hearings and correspondence he received from individuals in state court pertaining to the status of his child support obligations and what appears to be a form of garnishment being levied against his unemployment benefits. He also details grievances he submitted to Judge Charlene Elder and Chief Judge Patricia Fresard about the propriety of garnishment due to child support orders against him.

Plaintiff fails to state a claim upon which relief may be granted. Pursuant to the *Rooker-Feldman* doctrine, "a party losing in state court is barred from seeking what in substance would be appellate review of the state court judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (6th Cir. 2002) (the *Rooker-Feldman* doctrine establishes that "lower federal courts lack subject matter jurisdiction to engage in appellate review of state court proceedings."). Where the source of the Plaintiff's injury "is the state court decision, then the *Rooker-Feldman* doctrine would prevent the district court from asserting jurisdiction." *McCormick v. Braverman*, 451 F.3d 382, 393 (6th Cir. 2006). To determine the source of the injury, the district court must refer to the plaintiff's request for relief. See *Berry v. Schmitt*, 688 F.3d 290, 299 (6th Cir. 2012).

Plaintiff asserts violations of his federal rights based on state court decisions to garnish his unemployment benefits. In his relief section of the complaint, he states the following.

> Wayne county friend of the court refuses to return my money. I request that this court order 3 times the amount that was taken $3.384. As well as the $1,520 for the last two months[,] which is a total of $14,772 with Interest. . . I request that this Honorable court order punitive damages in a[n] amount of money that this Honorable court [d]etermines . . . will deter any future violations of federal and state laws. No citizen of this country should have to sue in order to have money return to them that was wrongfully taken. In my opinion[,] this case meets the five elements of fraud.

ECF No. 1, PageID.6. The source of injury here is the state court decisions pertaining to his child support order and subsequent garnishment of his unemployment benefits. Under the *Rooker-Feldman* doctrine, the Court lacks subject matter jurisdiction to consider Plaintiff's claim.

For these reasons, Plaintiff's application to proceed *in forma pauperis* is **GRANTED** and his complaint is **DISMISSED**.

**IT IS SO ORDERED**.

Dated:          January 23, 2024

s/Gershwin A. Drain
HON. GERSHWIN A. DRAIN
United States District Court Judge

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on January 23, 2024 by electronic and/or ordinary mail.

s/ Lisa Bartlett
Case Manager